IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:05CR312 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| VERONICA JIMENEZ, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on a report and recommendation by Magistrate Judge Piester (filing 19), recommending that Defendant's motion to suppress (filing 15) be denied except with respect to any statements Defendant may have made after being arrested and before being read her <u>Miranda</u> rights. Judge Piester's findings and conclusions were announced at the end of the evidentiary hearing that he conducted on December 20, 2005. See Transcript (filing 23) at 83-87.

    Pursuant to NECrimR 57.3 and 28 U.S.C. § 636(b)(1), Defendant has filed a statement of objections to the report and recommendation (filing 26). Basically, Defendant objects to Judge Piester's conclusions (1) that the officer had a reasonable, articulable suspicion to detain Defendant following a traffic stop, (2) that Defendant voluntarily consented to a search of the vehicle, and (3) that statements made by Defendant after being advised of her <u>Miranda</u> rights were voluntary.

    I have conducted a de novo review of the record. I find that inasmuch as the Magistrate Judge has fully, carefully, and correctly found the facts and applied the law, Defendant's objections should be denied, the report and recommendation should be adopted, and Defendant's motion to suppress should be denied in all respects.

    In addition to the matters stated by Judge Piester, I conclude: (1) that the officer had probable cause to stop the vehicle that Defendant was driving because of

traffic violations, including improper lane changes and traveling below the minimum speed limit on the Interstate; (2) that, for the reasons stated by Judge Piester,[1] and the officer had a reasonable, articulable suspicion to believe that the vehicle was being used for drug trafficking before asking Defendant about the presence of drugs and requesting permission to search the vehicle; and (3) that the officer could reasonably believe that Defendant voluntarily and knowingly consented to the search. The mere fact that the officer requested Defendant's permission to search the vehicle without first returning her driver's license and the vehicle registration, or telling Defendant that she was free to go, does not invalidate the search. Voluntary consent may be given even where a person has already been arrested or is otherwise detained. United States v. Watson, 423 U.S. 411, 424 (1976); United States v. Miller, 20 F.3d 926, 930 (8th Cir. 1994); United States v. Chaidez, 906 F.2d 377, 382 (8th Cir. 1990).

Defendant's objection concerning the voluntariness of statements she made at the impound lot was adequately addressed by Judge Piester and requires no further comment. Suffice it to say, however, that, based on the totality of the circumstances, it appears from the evidence presented that all statements made by the Defendant after being advised of her Miranda rights were voluntary.

Accordingly,

IT IS ORDERED that:

1. the Magistrate Judge's report and recommendation (filing 19) is adopted;

---

[1] Foremost among those reasons were (1) the officer's observation that the driver's side kick panel and molding had been removed and were in the back seat, (2) discrepancies between the explanations given by Defendant and her 17-year-old son for why they were traveling in a borrowed vehicle from Arizona to St. Paul, Minnesota, and the expected duration of their stay in St. Paul, and (3) Defendant's extreme nervousness.

2. Defendant's objections to the report and recommendation (filing 26) are denied; and

3. Defendant's motion to suppress (filing 15) is granted in part and denied in part, as follows:

   a. The motion is granted with respect to any statements that were made by Defendant from the moment she was handcuffed until the moment, after having been read her <u>Miranda</u> rights, she agreed to speak with Officer Oetter.

   b. In all other respects, the motion is denied.

January 26, 2006.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge