IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>         Plaintiff,      )<br>                              )<br>  vs.                         )<br>                              )<br> VERONICA JIMENEZ,            )<br>                              )<br>         Defendant.     )  | Case No. 8:05CR312<br><br>**TENTATIVE<br>FINDINGS** |

I am in receipt of the revised presentence investigation report in this case. Except for the government's objection (filing 48)[1] regarding "actual methamphetamine," the defendant's objection (filing 49) regarding "actual methamphetamine," and the defendant's motion for departure or variance (filing 50) because the defendant played a mitigating role, because the defendant is the sole provider for her children, and because of her mental and emotional condition, there are no objections or motions for departure or variance.

    IT IS ORDERED that:

    (1)    The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

    (2)    I make the following rulings:

---

[1] This objection may have been withdrawn by the government's subsequent adoption (filing 52) of the revised presentence report.

A. The objections (filings 48 and 49) regarding "actual methamphetamine" will be resolved at sentencing. However, and pursuant to Application Note B to the Drug Quantity Table found at U.S.S.G. § 2D1.1., it appears the probation officer may be correct. (*See* ¶ 15 and the addendum to the revised presentence report.) This assumes that the court takes judicial notice of the trial stipulation regarding the laboratory tests which apparently show both the weights of the mixture and the purity of the mixture. Furthermore, United States v. Fairchild, 189 F.3d 769, 778 (8th Cir. 1999), which is the reverse of this case, seems to support the probation officer. In that case, the court held that it was proper to use the weight of the mixture, and not the weight of the actual drug alone, because Application Note B requires that you take the higher of the two weights. The parties should spend time carefully preparing for this issue.

B. The motion for departure or variance (filing 50) is denied regarding the defendant's assertion that she is entitled to a mitigating role or the equivalent of one. The defendant denied under oath at trial that she committed the crime. Without evidence of her true role in the unlawful conduct, the defendant is not entitled to a role adjustment or a departure or variance based on the assumption that she was only a courier. I note that if the defendant now admits that she was involved in the crime, her trial testimony to the contrary may be used for purposes of an obstruction of justice enhancement.

C. The defendant's motion for departure or variance (filing 50) is denied regarding her assertion that family circumstances warrant leniency. The defendant's children are either grown or gone or they are teenagers. Moreover, the defendant brought along one of her sons on the trip and that action involved him in her crime.

    D.      The defendant's motion for departure due to mental or emotional condition (filing 50) will resolved at sentencing.

(3)     Except to the extent (if at all) that I have reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5)     Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

May 22, 2006.                      BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge