IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:05CR312 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| VERONICA JIMENEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or the correct sentence of the defendant, Veronica Jimenez (filing 93).[1]  The motion was filed on September 12, 2007, less than one year after Jimenez's conviction became final, and thus is timely.

After a jury trial, Jimenez was found guilty of one count of possession with intent to distribute 500 grams or more of methamphetamine and she was sentenced to 120 months' imprisonment, followed by 5 years of supervised release.  Jimenez filed a direct appeal and argued (1) that a pretrial motion to suppress should have been granted and (2) that there was insufficient evidence to sustain her conviction. The Court of Appeals affirmed this court's judgment on February 26, 2007.

---

[1]  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Jimenez claims that she is entitled to § 2255 relief because of ineffective assistance of counsel.  Specifically, she alleges that she wanted to plead guilty but was advised by her attorney that no plea agreement had been offered and that the result would be the same whether she pleaded guilty or was found guilty by a jury. Jimenez contends that she would have received a lesser sentence had she pleaded guilty because she would have received credit for acceptance of responsibility.  She also claims that her attorney made no attempt to negotiate a plea agreement for her.

## *I. DISCUSSION*

In order to prevail on a claim of ineffective assistance of counsel, Jimenez must show (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." *Nguyen v. United States*, 114 F.3d 699,  703-04 (8th Cir. 1997) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984)).  The court need not address both components if the movant makes an insufficient showing on one of the prongs.  *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

Although the Guidelines sentencing range in this case was between 188 and 235 months, defense counsel was successful in moving for a downward departure based on Jimenez's mental or emotional condition.  As a result, she received the minimum sentence under the applicable statute.  *See* 21 U.S.C. § 841(b)(1)(A).  "The law is firmly established that a district court lacks authority to sentence below the statutory minimum if the pertinent provisions in 21 U.S.C. § 841(b) apply and the

government has lawfully declined to move for a downward departure under 18 U.S.C. § 3553(e) [for substantial assistance in the investigation or prosecution of another person who has committed an offense]." *United States v. Collins*, 340 F.3d 672, 683 (8th Cir. 2003).  Because Jimenez could not have received a lesser sentence simply by pleading guilty to the crime charged, she is not entitled to § 2255 relief based upon the allegedly incorrect legal advice that she received from her attorney.

Jimenez also alleges that she "repeatedly asked counsel if she could plead[,]" but that "to the best of [her] knowledge, counsel did not try to obtain a plea agreement for her[.]" (Filing 1, at 4.)  Although Jimenez has failed to allege any facts [2] showing a reasonable probability that a negotiated plea agreement would have resulted in a reduced sentence, I found when granting her motion for a downward departure that it was "more likely than not that [Jimenez's] mental illness interfered with her ability to accept responsibility and to qualify for the safety valve." (Filing 59, at 1.)  I also found that if she had accepted responsibility and told the government what she knew, the Guidelines sentencing range would have been between 108 and 135 months.  (*Id.*) If Jimenez had qualified for the safety valve by telling the government what she knew, this would have eliminated the otherwise mandatory minimum sentence, *see* 18 U.S.C. § 3553(f), and could have reduced her time in prison by up to a year.

Liberally construing Jimenez's allegations to include the unstated premise that she would have cooperated with the government if her attorney had sought to obtain a plea agreement, I conclude that summary dismissal of her motion is not required. I therefore will order the government to file an answer regarding this aspect of the ineffective assistance of counsel claim (*i.e.*, the alleged failure to negotiate a plea agreement) and to brief the matter.  I will also appoint counsel for Jimenez and will set a date for her to file a reply and responsive brief.

---

[2] A § 2255 motion must specify all available grounds for relief and "state the facts supporting each ground[.]" Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## II. CONCLUSION

Because Jimenez received the minimum statutory sentence, she is not entitled to relief based solely on her attorney's alleged advice that she go to trial rather than pleading guilty.  However, because Jimenez would have been eligible for a reduced sentence had she accepted responsibility <u>and</u> told the government everything she knew, she has stated a possible claim for ineffective assistance of counsel based on her attorney's alleged failure to attempt to negotiate a plea agreement.

Accordingly,

IT IS ORDERED that:

1.     The court has completed its initial review of the defendant's § 2255 motion (filing 93), and finds that summary dismissal of the defendant's claim of ineffective assistance of counsel is not required.

2.     On the court's own motion, counsel will be appointed for the defendant. The court herewith appoints the Federal Public Defender (or one of his assistants) to represent the defendant.  If the Federal Public Defender cannot take the appointment, he shall promptly file a motion to withdraw and nominate a substitute CJA panel lawyer to take the appointment.  The Clerk of the Court shall serve a copy of this memorandum and order on the Federal Public Defender, and the Defender shall promptly enter his appearance.

3.     By December 17, 2007, the government shall file an answer to the defendant's claim, supported by a brief.

4.     By January 15, 2008, the defendant may file a reply and responsive brief.

October 17, 2007.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge

4