IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:05CR312 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| VERONICA JIMENEZ, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on a motion under 28 U.S.C. § 2255 to vacate, set aside or the correct sentence of the defendant, Veronica Jimenez (filing 93), and on the government's answer thereto (filing 95). I conducted an initial review of the § 2255 motion on October 17, 2007, and found that Jimenez is claiming that her trial attorney (1) gave bad advice that caused her to go to trial rather than to plead guilty and (2) failed to attempt to negotiate a plea agreement. I concluded on initial review that Jimenez is not entitled to relief on the first claim of ineffective assistance of counsel because she received the minimum statutory sentence, but that she might be entitled to relief on the second claim if she would have been able to qualify for the safety valve at sentencing. I therefore appointed counsel to represent Jimenez and directed the government to answer and to file a supporting brief.

    The government's answer and brief were both filed on December 11, 2007. Attached to the answer is the affidavit of Jimenez's trial attorney, who states that he conferred with Jimenez on at least three different occasions about attempting to obtain a plea agreement, and that on each occasion Jimenez refused to consider pleading guilty and stated that she had no information to provide to the government because she did not know that she had been transporting hidden contraband. After obtaining an extension of time to reply, Jimenez's new attorney, Assistant Federal Public Defender John C. Vanderslice, advised the court by letter dated February 1,

2008, that Jimenez would not be filing any responsive pleading and asked that the court consider her § 2255 motion based upon the documents already submitted.

In the memorandum and order on initial review, I noted that Jimenez had failed to allege any facts showing a reasonable probability that a negotiated plea agreement would have resulted in a reduced sentence. However, I also noted that "I found when granting her motion for a downward departure that it was 'more likely than not that [Jimenez's] mental illness interfered with her ability to accept responsibility and to qualify for the safety valve.' I also found that if she had accepted responsibility and told the government what she knew, the Guidelines sentencing range would have been between 108 and 135 months[,] ... [which] could have reduced her time in prison by up to a year." (Filing 94 at 3 (internal citation omitted).) Before directing the government to file an answer, I stated that I was "[l]iberally construing Jimenez's allegations to include the unstated premise that she would have cooperated with the government if her attorney had sought to obtain a plea agreement[.]" (*Id.*)

Based upon the evidence provided by Jimenez's trial attorney, which has not been refuted, it is now apparent that Jimenez would not have qualified for the safety valve because she was unwilling to accept responsibility and to tell the government what she knew. Under these circumstances, there is no merit to Jimenez's claim that her attorney was ineffective by failing to attempt to negotiate a plea agreement.

Jimenez's conclusory allegation that "[t]o the best of [her] knowledge, counsel did not try to obtain a plea agreement for her" (filing 93 at 4) is not sufficient to withstand her trial attorney's affidavit. Jimenez does not state in her § 2255 motion that she was willing to submit to a proffer interview and to tell the government what she knew; she merely states that her attorney should have allowed her to plead guilty so that she could receive credit for acceptance of responsibility (which, as already explained, would not have resulted in a sentence reduction <u>unless</u> Jimenez also was willing to cooperate with the government). Even though I liberally construed the

§ 2255 motion on initial review to allege by implication that Jimenez was willing to cooperate with the government, her trial attorney's affidavit establishes that Jimenez never expressed such a willingness to him, and, in fact, that she consistently indicated that she had no information to provide to the government.

A § 2255 motion can be dismissed without an evidentiary hearing if (1) the defendant's allegations, accepted as true, would not entitle the defendant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory. *See Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000). Jimenez's allegation that her attorney advised her to go to trial instead of pleading guilty, even if accepted as true, does not entitle her to relief because she received the minimum statutory sentence. Jimenez's allegation that her attorney failed to attempt to negotiate a plea agreement does not entitle her to relief because the record establishes that Jimenez repeatedly told her attorney that she was unable to provide information to the government so as to qualify for the safety valve. Accordingly, Jimenez's § 2255 motion will be dismissed without a hearing.

IT IS ORDERED that Defendant's § 2255 motion (filing 93) is denied in all respects, and a final judgment of dismissal shall be entered by separate document.

February 13, 2008.                    BY THE COURT:

                                      s/ *Richard G. Kopf*
                                      United States District Judge